**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FENGTING LI, | No. 12-73850 |
| Petitioner, | Agency No. A097-873-053 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Fengting Li, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen removal

proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen, and review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying as untimely Li's motion to reopen, where he filed the motion over five years after his order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2), and failed to establish that any statutory or regulatory exception applies, *see* 8 C.F.R. § 1003.2(c)(3) (setting forth exceptions to the filing deadline for motions to reopen).

The BIA did not abuse its discretion in denying Li's motion to reopen based on ineffective assistance of counsel, where Li failed to demonstrate prior counsel's allegedly ineffective assistance prejudiced him. *See Iturribarria v. INS*, 321 F.3d 889, 897-98 (9th Cir. 2003).

Accordingly, Li's claim that his right to due process was violated when he was not provided an opportunity to submit new evidence regarding his son's religious activities fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

We lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen proceedings. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

12-73850

In light of our disposition, we need not reach Li's remaining contentions concerning the materiality of evidence regarding his son's religious activities. *See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (declining to reach nondispositive challenges to an agency order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**